UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO MACHADO-LOPEZ, A-023-223-238<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et. al.,<br><br>Respondents. | No.  1:26-cv-03219-DAD-DMC-HC<br><br><br>ORDER |

Petitioner, an immigration detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is Respondent's motion to dismiss. See ECF No. 7. Petitioner filed an opposition. See ECF No. 8. Petitioner's opposition, ECF No. 8, was filed after the deadline for such filing, see ECF No. 6. In light of Petitioner's pro se status and detention, the undersigned will deem the opposition as timely and direct Respondent to file a reply within five days of the date of this order.

On May 20, 2026, Respondent filed a motion to dismiss arguing dismissal is appropriate because Petitioner was deported on April 11, 2026. See ECF No. 7. In a footnote, Respondent provides: "Respondent notes that Petitioner's habeas petition is signed April 14, 2026. See ECF No. 1. However, Respondent confirmed that since Petitioner's removal on April

1

11, 2026, there is no record of him re-entering the United States or being re-detained." Id. at 1, n. 1. In opposition, Petitioner asserts that Respondent attempted to deport Petitioner, a citizen of Cuba, to Mexico on January 17, 2026, and April 11, 2026, and "both time[s] the Mexican Government refused to accept the Petitioner due to him being 75 years old with a high risk medical condition." ECF No. 8, pg. 2. The Court notes that the U.S. Immigration and Customs Enforcement Online Detainee Locator System indicates that Petitioner is currently detained at the California City Immigration Processing Center. See https://locator.ice.gov/odls/#/search.

When presenting to a court a written and signed pleading, motion, or other paper, an attorney "certifies that to the best of the person's knowledge, information, and belief . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . ." Fed. R. Civ. P. 11(b)(3). Local Rule 180(e) requires that attorneys practicing in this Court "comply with the standards of professional conduct required of members of the State Bar of California." L. R. 180(e). Accordingly, an attorney shall not "knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Cal. R. Prof. Conduct 3.3(a)(1). If an attorney fails to adhere to Rule 11, "the court may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1). The undersigned previously imposed a monetary sanction and required the attorney to report that they were sanctioned to the bar association where they were licensed upon finding the attorney had provided manufactured quotes from cited cases. See Geddes v. Loancare, LLC, No. 2:25-cv-02955-DMC, 2026 LX 226446 (E.D. Cal. Apr. 22, 2026).

Given that the information provided by Respondent in the motion to dismiss appears to be inaccurate, Respondent will be ordered to show cause within three court days why sanctions, including monetary and required reporting to the Florida Bar Association where Respondent's counsel is licensed, should not be imposed for providing false information and failing to correct such inaccuracies to the Court. See Fed. R. Civ. P. 11.

///

///

2

Accordingly, it is ORDERED that:

1. Petitioner's opposition to the motion to dismiss, ECF No. 8, is DEEMED TIMELY;

2. Respondent is DIRECTED to file a reply, if any, to Petitioner's opposition within five days of the date of this order;

3. Respondent is ORDERED TO SHOW CAUSE within three court days of the date of this order why sanctions, including monetary and required reporting to the Florida Bar Association where Respondent's counsel is licensed, should not be imposed for providing false information and failing to correct such inaccuracies to the Court.

Dated: June 17, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3