UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELINO MACHADO-LOPEZ,
A-023-223-238

          Petitioner,

   v.

CHRISTOPHER CHESTNUT, WARDEN
OF THE CALIFORNIA CITY
DETENTION FACILITY, et. al.,

          Respondents.

No. 1:26-cv-03219-DAD-DMC-HC

ORDER

Petitioner, an immigration detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On May 20, 2026, Respondent filed a motion to dismiss arguing Petitioner was removed and therefore, the petition was moot. See ECF No. 7. Attached to the motion to dismiss was a "deportation record" signed by an immigration officer, which stated that Petitioner's deportation was witnessed by the officer on April 11, 2026. See ECF No. 7-1, pg. 2. In a document dated May 30, 2026, filed June 9, 2026, Petitioner informed the Court he was not removed, remains in immigration detention, and therefore argues dismissal is not appropriate. See ECF No. 9. Petitioner asserts that the government attempted to remove him on April 11, 2026, but the Mexican government refused to accept Petitioner. See ECF Nos. 1 and 8. On June 17, 2026, the undersigned ordered Respondent to show cause why sanctions should not be imposed for

1

providing false information and failing to correct such inaccuracies. See ECF No. 9. Respondent timely filed a response, informing the Court Respondent's counsel relied on information from Immigration and Customs Enforcement (ICE) when claiming Petitioner had been removed and that Respondent's counsel did not intentionally mislead the Court. See ECF No. 10. Attached to the response was a declaration from a deportation officer which states:

> Due to what ERO believes is an administrative error, ERO San Francisco records initially indicated that MACHADO-LOPEZ had been removed to Mexico on April 11, 2026; as a result, ERO Bakersfield Control incorrectly recorded MACHADO-LOPEZ as having been removed when he had not been. ERO is currently looking into the matter to assess how this occurred.

ECF No. 10-1, pg. 2.

In light of this, "Respondent respectfully requests to withdraw the motion to dismiss and that sanctions not be imposed on undersigned counsel." ECF No. 10, pg. 2.

The information provided by Respondent's counsel and the deportation officer does not explain why an immigration officer signed a document stating they witnessed Petitioner's deportation on April 11, 2026, if Petitioner was not in fact deported. Nor does it explain how there was no record that Mexico refused to accept Petitioner, if that is true. More bewildering, there is no explanation for how, despite Petitioner remaining in detention, ICE had no record that Petitioner was being detained at California City Detention Facility.

Thus, the undersigned will direct Respondent to file a status update to inform the Court of how such errors occurred and what steps are being taken to ensure it does not happen again. Additionally, because Respondent requests to withdraw the motion to dismiss, Respondent will be directed to file a response to the petition or amended motion to dismiss within five days of this order. The undersigned will then determine whether sanctions are appropriate and if further briefing is necessary.

/ / /

/ / /

/ / /

/ / /

/ / /

2

Accordingly, it is hereby ORDERED that:

1.      Respondent is DIRECTED to file a status update within five (5) days of this order, with more information about the "administrative error" that resulted in ICE's failure to accurately record Petitioner's attempted removal and/or continued detention;

2.      Respondent is DIRECTED file a response or motion to dismiss within five (5) days of this order. Respondent shall include with the response any and all transcripts or other documents relevant to the determination of the issues presented in the habeas application.

Dated:  June 23, 2026

_____

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3